

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CARMELA VASAPOLLI,

             Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.
------------------------------------------------------------------ X

09-CV-1983 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Carmela Vasapolli, pro se plaintiff, commenced this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g). She seeks review of a Social Security Administration ("SSA") decision denying her claim for disability insurance benefits ("DIB"). The Commissioner has filed a motion to dismiss or, in the alternative, for summary judgment, on the basis that plaintiff's claim is barred by the sixty-day limitations period applicable to such actions. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). Plaintiff has not responded in opposition. For the reasons explained below, the court grants the Commissioner's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

The following facts are alleged in the complaint or found in the SSA decisions incorporated by reference therein.[1] Plaintiff first applied for DIB with on November 9, 2005. (Declaration of Patrick J. Herbst, Sept. 9, 2009 ("Herbst Decl."), Ex. 1 at 4.) Her claim was

---

[1] On this Rule 12(b)(6) motion to dismiss, the court properly considers those documents submitted by the parties that are matters of public record or which are deemed included in the complaint. See Pani, M.D. v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir.1998); Sira v. Artuz, 380 F.3d 57, 67 (2d Cir. 2004).

denied on January 18, 2006, and she timely requested a hearing, which was held before Administrative Law Judge ("ALJ") Leonard Ryan on November 5, 2007. (Id.) In a written decision dated December 19, 2007, ALJ Ryan found that plaintiff was not disabled within the meaning of the Act prior to her last insured date. (Id. at 7; see Compl. ¶ 7) Plaintiff timely requested review of the ALJ's decision, but the Appeals Council denied her request by written decision dated July 17, 2008. (Compl. ¶ 8; Herbst Decl. Ex. 2 at 1.) The SSA mailed plaintiff notice of the Appeals Council's decision on the same date, and she received it three days later on July 20, 2008. (Compl. ¶ 8.) This notice stated:

> You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. . . . You have 60 days to file a civil action (ask for court review). The 60 days start on the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period. . . . [Y]ou may ask the Appeals Council to extend your time to file.

(Herbst Decl. Ex. 2 at 2.) Under this notice and the applicable regulations, plaintiff was required to file her complaint by September 20, 2008, at the latest. Plaintiff does not allege that she sought an extension of time from the Appeals Council in which to file her civil action. Plaintiff eventually commenced this action on May 7, 2009, approximately seven months after the end of the sixty-day limitations period.

## DISCUSSION

On a motion to dismiss pursuant to Rule 12(b)(6), the court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Additionally, as plaintiff is proceeding pro se, the court is obliged to construe her pleadings liberally and interpret them as raising the strongest arguments they suggest, Pabon v.

Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, in order to survive a motion to dismiss, the plaintiff must provide the "grounds" upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

The Commissioner moves to dismiss on the ground that the plaintiff's complaint was not timely filed pursuant to 42 U.S.C. § 405(g). This section provides the statutory basis for a claimant to seek judicial review of a final SSA decision and sets a sixty-day limit on the filing of such civil actions. It states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The sixty-day period begins to run when the claimant receives notice of the decision, which is presumptively five days after the date of the decision unless "there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Plaintiff admittedly received notice of the Appeals Council's decision on July 20, 2008, but she failed to file this action until approximately seven months after the sixty-day time limit had run.

The sixty-day time limit is subject to equitable tolling. See Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (citing Bowen v. City of New York, 476 U.S. 467, 480 (1986)). In light of the nature of social security cases and the congressional intent to be "unusually protective" of social security claimants, equitable tolling of the sixty-day limitations period is "not infrequently appropriate." State of New York v. Sullivan, 906 F.2d 910, 917 (2d Cir. 1990) (citing Bowen, 476 U.S. at 480). Although plaintiff has not responded in opposition to the Commissioner's motion, she did include with her complaint a terse note in which she discussed her difficulty in filing the complaint. Plaintiff alleges that she did not know where to file this action so she asked

3

at the social security office, which misdirected her to other offices, and that as a result she originally filed in the wrong office. (Compl. at 4.) The court liberally construes plaintiff's note as asserting a basis for equitable tolling of the sixty-day time limit.

Notwithstanding the protective standard of applied in the social security context, the court finds that equitable tolling is not appropriate on the facts of this case. "[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Plaintiff in this action has made a showing neither of the requisite reasonable diligence nor of extraordinary circumstances. Plaintiff fails to allege any details of her failed attempt to file this complaint from which her diligence may be inference. She does not allege even that she first attempted to file the complaint within the sixty-day period of limitations. In addition, plaintiff has not alleged extraordinary circumstances. "[P]laintiff's allegations that she was mislead are belied by the notice she received from the Appeals Council clearly stating that her case must be filed in District Court within sixty days." Goff v. Apfel, No. 99-CV-8962 (NGG), 2004 WL 1243148, at *4 (E.D.N.Y. Mar. 30, 2004) (rejecting a similar but more fully articulated assertion by a plaintiff that bad information received from government actors was to blame for her untimely complaint).

Because plaintiff has not established a basis for equitable tolling of the limitations period; her complaint untimely and must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the complaint is time barred. The court therefore grants the

Commissioner's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/
Allyne R. Ross
United States District Judge

Dated: October 21, 2010
Brooklyn, New York

**Service List**

Pro Se Plaintiff:
Carmela Vasapolli
926 Pine Street
Apt. #1
Brooklyn, NY 11208


Attorney for Defendant:
Layaliza K. Soloveichik
United States Attorney's Office
Eastern District Of New York, Civil Division
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 11201